## In re Application of George Bartlett for Discharge from Imprisonment.

### Gen. No. 8,485.

Opinion filed February 26, 1931.

JOHNSON & PEFFERLE, for appellant.

SCOTT & SCOTT and GEORGE C. HOFFMAN, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, George Bartlett, a debtor, was arrested and imprisoned in the county jail charged with unjustly refusing to surrender his property for satisfaction of an execution issued against him upon a judgment recovered against him by St. John's Hospital for the sum of $294.15. Thereupon in conformity with the provisions of Cahill's St. ch. 72, ¶ 8; sec. 5, ch. 72, Smith-Hurd Illinois Revised Statutes 1929, a trial by jury was had in the county court of Sangamon county upon the question of whether or not the debtor had refused to surrender his property to satisfy the execution referred to; and the jury returned a verdict of not guilty. The judgment appealed from was rendered upon the verdict.

The only question raised upon appeal for reversal of the judgment is, that the verdict is manifestly against the weight of the evidence. Three witnesses, including the appellee, testified that the constable, who it is alleged had the execution, came to the dwelling house of the appellee and entered the house without knocking; and after he had entered, did not disclose the fact that he came there as constable, and had an execution, and was about to make a levy under it. These were vital matters in the proof to sustain the charge against appellee. It is true that Frank Johnson, the constable, and Guy Lee, another constable, who went with Johnson to appellee's house, flatly contradict the testimony of the appellee and the

other two witnesses who testified in his behalf concerning the matters referred to. These witnesses testified that Johnson knocked on the door and was invited into the house; and informed the appellee that he was a constable; and that he had an execution; and wanted to levy it. The jury in this case, as in any other, are the judges of the credibility of the witnesses who testify. It is clear that they believed the appellee and his witnesses; and did not believe the witnesses who testified to sustain the charge against appellee. This court would not be warranted in saying that the jury should not have given credence to the testimony of the appellee and his witnesses; but should have believed the witnesses called to sustain the charge against him. And under these circumstances the court would not be justified in holding that the verdict is manifestly against the weight of the evidence.

The judgment is therefore affirmed.

*Judgment affirmed.*